UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIRO A. MARTINEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-471-JD-MGG |
| TERESA L. CATALDO, et al., | |
| Defendants. | |

OPINION AND ORDER

Jairo A. Martinez, a prisoner without a lawyer, filed a complaint against the judges, prosecutors, and court clerks involved in his state criminal case. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Martinez's complaint covers three aspects of his state criminal case: his arrest, his prosecution, and a later denial of a request for a sentence modification. First, he complains that when he was arrested in 2012, he was not read his *Miranda* rights. Then, he says his prosecution was invalid because the judge, clerk, and prosecutor did not provide him with their oaths of office. Finally, he alleges that his rights were violated

when he filed for a modification of his sentence in 2016 because he was never served notice. He seeks damages for his loss of freedom.

Any claim concerning his arrest cannot proceed under 42 U.S.C. § 1983 because it is untimely. Suits filed under § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Claims for false arrest, excessive force, unlawful search, and similar Fourth Amendment violations accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384 (2007); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). Here, the arrest occurred in 2012. By the time Martinez filed suit in 2021, more than two years had passed. Moreover, even if his claim were timely, the allegations do not state a claim. Martinez challenges his arrest on the basis that the officers did not read him his *Miranda* rights. The failure to receive *Miranda* warnings does not invalidate an arrest or provide a basis to sue under § 1983. *See Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987).

Martinez's claims stemming from his prosecution also do not state a federal constitutional claim. He alleges his conviction was invalid because the judge (George W. Biddlecome), clerk (Wendy Hudson), and prosecutor (Curtis T. Hill) did not provide him with their oaths of office, which prevented a meeting of the minds. This does not state a claim for two reasons. First, Martinez attaches copies of their oaths of office to his complaint, which the court may consider when determining the sufficiency of the

2

complaint. *See* Fed. R. Civ. P. 10(c); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Those exhibits establish that as of 2012, when he was prosecuted, all of those defendants had signed oaths of office on file. *See* ECF 7-1 at 6-7 (Hill Oath of Office signed Dec. 28, 2010); 8-9 (Biddlecome Oath of Office signed December 30, 2008); and 12-13 (Hudson Oath of Office signed December 21, 2010). Moreover, even if there were a technical defect in their oaths of office, a violation of state law oath requirements do not form the basis for a federal constitutional claim.

> The *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient. The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly function of the government despite technical defects in title to office. The doctrine has been relied upon by this Court in several cases involving challenges by criminal defendants to the authority of a judge who participated in some part of the proceedings leading to their conviction and sentence.

*Ryder v. United States*, 515 U.S. 177, 180-81 (1995) (quotation marks and citations omitted); *see also Carty v. State*, 421 N.E.2d 1151, 1154 (Ind. Ct. App. 1981) ("One who holds office under the color of an election or an appointment and discharges the purported duties of office in full view of the public without being an intruder or usurper, is at least a de facto official. . . . For the protection of the public who deal with him, the acts of a de facto officer are as valid as the acts of a de jure officer. . . . All that is required to make an officer de facto is: that he claim the office, be in possession of it, and perform its duties under the color of election or appointment."). Thus, there is no federal constitutional basis for Martinez to challenge the qualification of the officials involved in his criminal prosecution, years after his conviction became final.

Finally, Martinez alleges that he is entitled to receive damages for his continued imprisonment because he says he never received notice of the denial of his 2016 motion for a sentence modification. *See* ECF 7-1 at 3-4. However, the state court decision he attached to the complaint shows that he was represented by counsel during the modification request, and so he had no right to personally receive notice of the denial. When represented by counsel, Martinez had no federal right to correspond with the court. *See United States v. Patterson*, 576 F.3d 431, 436-47 (7th Cir. 2009); *see also Flowers v. State*, 154 N.E.3d 854, 867 (Ind. Ct. App. 2020) ("[I]f a defendant is represented by counsel, the defendant speaks to the trial court through that counsel.").

The complaint does not state a claim upon which relief may be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, no additional facts would provide Martinez with a federal claim.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT